**Nos. 79SC64 & 79SC14**

**Charles B. Bailey and Robert Edwards v.
The People of the State of Colorado**

(617 P.2d 549)

Decided September 15, 1980.

___

Leo W. Rector, Neil C. Bruce, Rector, Retherford, Mullen & Johnson, for petitioner, Charles B. Bailey.

J. Gregory Walta, State Public Defender, Nicholas R. Massaro, Jr., Deputy, for petitioner, Robert Edwards.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, Lynne Ford, Assistant Attorney General, Litigation Section, for respondent.

*En Banc.*

JUSTICE DUBOFSKY delivered the opinion of the Court.

We accepted certiorari to review the court of appeals' decision in *People v. Bailey,* 41 Colo. App. 504, 595 P.2d 252 (1978), affirming the petitioners' convictions for bribery of a public official under section 18-8-302, C.R.S. 1973 (1978 Repl. Vol. 8). We reverse.

Petitioner Robert Edwards was employed by the Colorado Springs Urban Renewal Effort (CURE), an urban renewal authority organized under section 31-25-101, *et seq.*, C.R.S. 1973. Petitioner Charles Bailey contracted with CURE to perform demolition work on its Alamo Plaza project. Under the contract, Bailey was entitled to all salvageable property left in the project area when Edwards, acting for CURE, issued him a "Notice to Proceed." Bailey subcontracted the salvaging portion of the demolition contract to Donald Reinhard. Bailey and Reinhard shared the

proceeds from the sale of the salvaged property.

Reinhard was granted immunity and appeared as the prosecution's chief witness. He testified that he was dissatisfied with the quality of the salvage left after issuance of the Notice to Proceed, describing it as "nothing . . . but junk." In April, 1975, Bailey arranged a meeting with Edwards. According to Reinhard, prior to the meeting Bailey told him, "We're going to have to take care of Mr. Edwards." Reinhard's impression of the meeting was that, if paid $500 per month, Edwards would arrange to leave more valuable salvageable materials in the project area. Both Bailey and Edwards denied that the April meeting was intended to solicit illicit payments from Reinhard.

Reinhard also testified that Edwards asked him for $500 in July, 1975. He gave Edwards a check for $350, marked "payment of a personal loan." Edwards testified that he asked Reinhard for a loan of $100, that he cashed the $350 check, retained $100 as a loan and returned the balance to Reinhard.

The jury convicted Bailey and Edwards of violating section 18-8-302 prohibiting bribery of a public official. The court of appeals affirmed both convictions. The controlling opinion determined that Edwards was "performing a governmental function" for a "government" and thus was a public servant within the meaning of the bribery statute. We disagree with the court of appeals' underlying premise: that an urban renewal authority, created by a municipality, is a "government" as defined in the bribery statute. Therefore we reverse the convictions.[1]

## I.

Bribery of a public official is prohibited in section 18-8-302:

*"Bribery*. (1) A person commits the crime of bribery, if:

(a)   He offers, confers, or agrees to confer any pecuniary benefit upon a public servant with the intent to influence the public servant's vote, opinion, judgment, exercise of discretion, or other action in his official capacity; or

(b)   While a public servant, he solicits, accepts, or agrees to accept any pecuniary benefit upon an agreement or understanding that his vote, opinion, judgment, exercise of discretion, or other action as a public servant will thereby be influenced.

(2)   It is no defense to a prosecution under this section that the person sought to be influenced was not qualified to act in the desired way, whether because he had not yet assumed office, lacked jurisdiction, or for any other reason.

---

[1] Because both convictions are reversed on this basis, we need not reach the other issues raised by the petitioners.

(3)   Bribery is a class 3 felony."

The terms used in the bribery statute are defined in section 18-8-101, C.R.S. 1973 (now in 1978 Repl. Vol. 8):

*"Definitions.*   As used in this article, unless the context otherwise requires:

(1)   'Government' includes any branch, subdivision, institution, or agency of the government of this state or any political subdivision within it.

(2)   'Governmental function' includes any activity which a public servant is legally authorized to undertake on behalf of a government.

(3)   'Public servant' means any officer or employee of government, whether elected or appointed, and any person participating as an advisor, or consultant, engaged in the service of process, or otherwise performing a governmental function, but the term does not include witnesses."

The issue before us is whether CURE comes within the definition of government in section 18-8-101(1). The statute authorizing the creation of an urban renewal authority defines it as "a corporate body." Section 31-25-103(1), C.R.S. 1973 (1977 Repl. Vol. 12).[2]  A corporation or a corporate body is not included in the definition of "government" in section 18-8-101. The Urban Renewal Law, section 31-25-101, *et seq.,* C.R.S. 1973 (1977 Repl. Vol. 12), does not describe an urban renewal authority as a "branch, subdivision, institution, or agency" of state government or as a "political subdivision" within the state.

However, corporate forms are often used for various government functions or purposes. The most common are municipal corporations which are described as "bodies politic and corporate." *See, e.g.,* section 31-15-101, C.R.S. 1973 (1977 Repl. Vol. 12); *E. McQuillin, Law of Municipal Corporations,* section 207a (3d Edition, 1971). The primary function of a municipal corporation is to provide government within its territorial limits. *McQuillin, supra,* sections 207a, 207b and 208. Another form of public corporation is the quasi-municipal corporation created to accomplish a more limited public purpose.[3]  Quasi-municipal corporations more closely resemble corporations than do municipalities, *McQuillin, supra,* section 213, and authorities such as an urban renewal authority bear less resemblance to municipalities than do quasi-municipal corporations. *McQuillin, supra,* section 229a.

The general definition of "government" in the Criminal Code, section 18-1-901(3)(i), C.R.S. 1973 (1978 Repl. Vol. 8), does include corporations such as CURE:

---

[2] Section 31-25-104(1)(b), C.R.S. 1973 (1977 Repl. Vol. 12) refers to an urban renewal authority as "a body corporate and politic."

[3] The Urban Renewal Law confers powers on urban renewal authorities for "public uses and purposes." Section 31-25-102(3), C.R.S. 1973 (1977 Repl. Vol. 12).

"'Government' includes the United States, any state, county, municipality, or other political unit, any branch, department, agency, or subdivision of any of the foregoing, and any corporation or other entity established by law to carry out any governmental function."[4]

The general definition is limited by section 18-1-901(1), C.R.S. 1973 (1978 Repl. Vol. 8):

"(1) Definitions set forth in any section of this title [18] apply wherever the same term is used in the same sense in another section of this title [18] *unless the definition is specifically limited* . . . ." (Material in brackets and emphasis added.)

█ Criminal statutes are to be strictly construed in favor of the accused. *People v. Nees,* 200 Colo. 392, 615 P.2d 690 (1980); *People v. Cornelison,* 192 Colo. 337, 559 P.2d 1102 (1977). The language "any corporation" is not included in the definition of government, section 18-8-101, which applies to all offenses in article 8 pertaining to governmental operations — including bribery as codified in section 18-8-302. Therefore, Edwards, although an employee of CURE, is not a "public servant" performing a "governmental function" on behalf of a "government" as defined in section 18-8-101. Bailey and Edwards cannot be convicted of bribery of a public servant under section 18-8-302.[5]

Judgments reversed.

CHIEF JUSTICE HODGES does not participate.

---

[4] *See also* the definition of "government" in the forgery statute; section 18-5-101(6), C.R.S. 1973 (1978 Repl. Vol. 8): "'Government' means the United States, any state, county, municipality, or other political unit, any department, agency, or subdivision of any of the foregoing, or any corporation or other entity established by law to carry out governmental functions."

[5] The petitioners were not charged under section 18-5-401, C.R.S. 1973 (1978 Repl. Vol. 8).