**STATE of Alaska, Appellant,**

v.

**Christine MULLIN, Appellee.**

**No. A-2701.**

Court of Appeals of Alaska.

Aug. 11, 1989.

Robert C. Anderson, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, and Grace Berg Schaible, Atty. Gen., Juneau, for appellant.

Dick L. Madson, Law Office of Dick L. Madson, Fairbanks, for appellee.

OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Christine Mullin was charged with four counts of receiving unlawful gratuities, in violation of AS 11.56.120(a), which provides:

A public servant commits the crime of receiving unlawful gratuities if, for having engaged in an official act which was required or authorized and for which the public servant was not entitled to any special or additional compensation, the public servant

(1) solicits a benefit, regardless of value; or

(2) accepts or agrees to accept a benefit having a value of $50 or more.

"Public servant" is defined in AS 11.81.-900(b)(48):

"[P]ublic servant" means each of the following, whether compensated or not, but does not include jurors or witnesses:

(A) an officer or employee of the state, a municipality or other political subdivision of the state, or a governmental instrumentality of the state, including legislators, members of the judiciary, and peace officers;

(B) a person who participates as an advisor, consultant, or assistant at the request or direction of the state, a municipality or other political subdivision of the state, or a governmental instrumentality;

(C) a person who serves as a member of the board or commission created by statute or by legislative, judicial, or administrative action by the state, a municipality or other political subdivision of the state, or a governmental instrumentality;

(D) a person nominated, elected, appointed, employed, or designated to act in a capacity defined in (A) through (C) of this paragraph, but who does not occupy the position.

The trial court granted Mullin's motion to dismiss the complaint on the grounds that Mullin was not a public servant within the purview of AS 11.56.120. The state appeals from the order of dismissal. We affirm.

At the time of the alleged offense, Mullin was employed by Fairbanks Treatment Associates (FTA) as a counselor. Fairbanks Treatment Associates was under contract with the State of Alaska to provide counseling services to inmates enrolled in the Sex Offender Treatment Program at the Fairbanks Correctional Center (FCC).

As a counselor, Mullin provided counseling services to inmates in the Sex Offender Treatment Program, maintained case notes recording the content of the counseling sessions and her impressions and recommendations, and contributed to reports made for participants in the program. The criminal complaint filed against Mullin charged that Mullin solicited and agreed to accept a benefit having a value of more than $50 from FCC inmate Arthur Smith. Specifically, the state alleged that Mullin offered to render a favorable progress report for Smith, who faced an upcoming hearing before the parole board, in exchange for $25,-000.

 The state argues that Mullin was a public servant within paragraph (B) of the definition: "a person who participates as an advisor, consultant, or assistant at the request or direction of the state...." Mullin contends that the omission from this definition of *employees* of persons participating as advisors or consultants indicates the legislature's intent not to include someone in her position within the statute.

This is a case of first impression in Alaska. We have not previously been called upon to interpret the term "public servant" as it is used in AS 11.56.120.

The state urges us to follow the federal cases interpreting 18 U.S.C. § 201, the federal bribery statute. That statute prohibits "public officials" from accepting anything of value in return for being influenced in the performance of their official duties. The statute defines "public official" as follows:

Member of Congress, Delegate, or Resident Commissioner ... or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Colum-

bia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror. 18 U.S.C. § 201(a)(1).

In *Dixson v. United States*, 465 U.S. 482, 104 S.Ct. 1172, 79 L.Ed.2d 458 (1984), the Supreme Court held that the executive director and rehabilitation coordinator of a nonprofit organization designated by the City of Peoria to administer and distribute federal block grant funds were public officials for the purposes of 18 U.S.C. § 201. The Court found that the defendants had been acting "for or on behalf of" the United States in an official function, *Dixson*, 465 U.S. at 497, 104 S.Ct. at 1180, notwithstanding the fact that they had no direct contractual relationship with the United States Government. The Court reasoned that:

> [T]he proper inquiry is not simply whether the person had signed a contract with the United States or agreed to serve as the Government's agent, but rather whether the person occupies a position of public trust with official federal responsibilities.

*Dixson*, 465 U.S. at 496, 104 S.Ct. at 1180. The Court found that by accepting the responsibility for distributing federal funds, the defendants had "assumed the quintessentially official role of administering a social service program established by the United States Congress." *Dixson*, 465 U.S. at 497, 104 S.Ct. at 1180. Four justices dissented from the Court's opinion on the grounds that "[t]he rule of lenity demands that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.'" *Dixson*, 465 U.S. at 501, 104 S.Ct. at 1182 (O'Connor, J., dissenting) (quoting *Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971)).

A case more closely analogous to the present case is *United States v. Ricketts*, 651 F.Supp. 283 (S.D.N.Y.1987), *aff'd*, 838 F.2d 1204 (2d Cir.1987). Ricketts was the house manager of Chrysalis, a halfway house that contracted with the Federal Bureau of Prisons, pursuant to a federal statute, to house federal inmates. *Ricketts*, 651 F.Supp. at 284. After finding that "[d]efendant's position is closely analogous to that of a prison guard, who is unquestionably a public official," the court held that Ricketts was a "public official" under the definition in 18 U.S.C. § 201.

The helpfulness of these cases is limited because of the differences between 18 U.S.C. § 201(a)(1) and the applicable Alaska statutes. In the federal statute, "public official" is defined to include "person[s] acting for or on behalf of the United States." The definition of "public servant" in AS 11.81.900(b)(48) does not contain similarly broad language. The legislative commentary to AS 11.81.900(b)(48) does indicate the legislature's intent to adopt a broad definition of "public servant." The commentary states:

> The term "public servant" is defined broadly to include not only every category of government or public officer, but every employee of every such office or agency, every person retained to perform some government service and every person who, though not having yet assumed his official duties, has been selected to become a public servant.
>
> The definition has been drafted to make it clear that those serving "political subdivisions" and "governmental instrumentalities" within the state are public servants. Coverage is also intended to reach persons who serve governmental instrumentalities and political subdivisions of the state in advisory or consultative capacities.
>
> The words "whether compensated or not" have been added to insure that the bribery statutes cover individuals who are serving in a compensatory position as well as those serving without pay. The gist of the offense is the intent to influence the course of public administration. The public servant functioning gratuitously can be as effective in corrupting governmental process as the paid functionary.
>
> Witnesses and jurors are excluded from the definition. Bribery and bribe receiving of and by such persons is covered in Article 4 of the Chapter.

Commentary on the Alaska Revised Criminal Code, Senate Journal Supplement No. 47 at 69–70 (June 12, 1978).

Like the statute itself, the commentary is ambiguous. Mullin may or may not be included in the phrase "every person retained to perform some government service." It is not clear whether this refers only to those actually retained by the government, or whether it refers as well to those retained by private employers to do work for the government. Thus, we cannot determine from the commentary whether a person retained in a non-supervisory position by a private organization contracting with the government is a public servant.

Mullin cites cases from other jurisdictions in which bribery statutes similar to our own have been interpreted narrowly. One of these cases, *State v. Pinckney*, 276 N.W.2d 433 (Iowa 1979), is not directly on point. The statute involved prohibited the acceptance of gratuities only by "public officers," rather than by all public employees. The court held that Pinckney, a liquor properties manager from the Iowa Beer and Liquor Control Department, could not be prosecuted under the statute because he was only a public employee, not a public officer. The holding and reasoning in *Pinckney* are not applicable to the Alaska statute, which does not distinguish between "officers" and other public servants.

Mullin also cites *Bailey v. People*, 200 Colo. 549, 617 P.2d 549 (1980), which interprets the Colorado statute prohibiting bribery of a public servant. The Colorado statute defines "public servant" as

> any officer or employee of government, whether elected or appointed, and any person participating as an advisor, or consultant, engaged in the service of process, or otherwise performing a governmental function. . . .

Colo.Rev.Stat. § 18–8–101(3) (1973). "Government" is defined in the same statute:

> "Government" includes any branch, subdivision, institution, or agency of the government of this state or any political subdivision within it.

Colo.Rev.Stat. § 18–8–101 (1973).

The issue in *Bailey* was whether an employee of the Colorado Springs Urban Renewal Effort (CURE), a corporate body created under the authority of the Colorado Urban Renewal Law, was a public servant. The court held that the CURE employee was not a public servant, because CURE did not come within the definition of government in section 18–8–101(1). The court followed the rule cited by the dissenting justices in *Dixson*, that criminal statutes are to be strictly construed in favor of the accused. Since the language "any corporation" was not included in the statutory definition of government, the court held that CURE employees were not "public servants" performing a "governmental function" on behalf of a "government." *Bailey*, 617 P.2d at 551.

■ We are persuaded by the reasoning of the Colorado Supreme Court in *Bailey*. The rule that ambiguities in criminal statutes are to be narrowly read and strictly construed against the state is well established in Alaska. *See, e.g., Newsom v. State*, 726 P.2d 561, 563 (Alaska App.1986); *State v. R.H.*, 683 P.2d 269, 280 (Alaska App.1984); *Dailey v. State*, 675 P.2d 657, 661 (Alaska App.1984). Judge Zimmerman correctly applied that rule in this case. The language of AS 11.81.900(b)(48) does not make it clear whether someone like Mullin, an employee of a private organization contracting with the state to provide services to prison inmates, is a "public servant." Although the legislative commentary to the statute indicates that the definition is intended to be a broad one, it does not specifically address positions such as Mullin's. This ambiguity in the statutory definition of "public servant" must be strictly construed in favor of the defendant. The district court did not err in ruling that Mullin was not a public servant within the definition in AS 11.81.900(b)(48).

The order dismissing the complaint against Mullin is AFFIRMED.