The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Pamela M. ZEDACK, Defendant–Appellee.

No. 03CA0462.

Colorado Court of Appeals,
Div. A.

May 20, 2004.

Jeanne M. Smith, District Attorney, Robert B. Harward, Deputy District Attorney, Colorado Springs, Colorado, for Plaintiff–Appellant.

David S. Kaplan, Colorado State Public Defender, Ann M. Aber, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Chief Judge DAVIDSON.

The People appeal from an order of the trial court dismissing a charge of unlawful possession of a schedule II controlled substance filed against defendant, Pamela M. Zedack. We affirm.

Defendant was convicted at trial of unlawful possession of a schedule II controlled substance. Defendant appealed, arguing that the trial court erred by summarily denying her suppression motion without conducting an evidentiary hearing. A division of this court agreed, ordering as follows:

> The judgment is reversed, and the cause is remanded for hearing on defendant's motion to suppress. If the court denies that motion, the judgment shall be reinstated subject to defendant's right to appeal that ruling. If the court grants the motion to suppress, then defendant shall be granted a new trial.

*People v. Zedack,* (Colo.App. No. 99CA2280, June 7, 2001) (not published pursuant to C.A.R. 35(f)).

The trial court received the mandate on January 2, 2002 and scheduled a suppression hearing for July 23.

On July 23, the trial court continued the hearing. After an additional period of delay not relevant to this appeal, the court ruled that defendant's statutory speedy trial right had been violated because she had not been brought to trial within six months of the date the trial court had received the mandate reversing the conviction. Accordingly, the trial court dismissed the case. The People then filed this appeal.

Under § 18–1–405, C.R.S.2003, a defendant must be brought to trial within six months of the entry of a not guilty plea unless the speedy trial period is tolled or extended by waiver or conduct. If a defendant's speedy trial rights are violated, the case must be dismissed. *See People v. Arledge,* 938 P.2d 160 (Colo.1997).

Section 18–1–405(2), C.R.S.2003, provides as follows: "If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after

the date of the receipt by the trial court of the mandate from the appellate court."

Here, the People argue that the six-month period of § 18–1–405(2) never began to run because "the case upon remand was not . . . in a trial posture . . . and the right to a new trial was conditioned on defendant[ ] prevailing at the suppression hearing." In support of this interpretation, the People assert that defendant "alone, as the party moving for suppression, had the power to decide whether the motion would be pursued." We are not persuaded.

In construing a statute, we must ascertain and effectuate the legislative intent, which is to be discerned, when possible, from the plain and ordinary meaning of the statutory language. *People v. Longoria*, 862 P.2d 266 (Colo.1993).

In *People v. Zedack, supra*, the division clearly stated that the judgment of conviction was "reversed." Although the question of whether a new trial would be required was dependent on the outcome of the suppression hearing, the timing for any such retrial was controlled by the plain language of § 18–1–405(2). Under that section, a new trial, if there was to be one, had to commence by July 22, 2002, the final date of the six-month period running from "the date of the receipt by the trial court of the mandate from the appellate court."

It was the shared responsibility of the trial court and the prosecution to schedule the suppression hearing for a date within that six-month speedy trial period so that, if the motion were granted, a new trial could commence on or before July 22. *See People v. Colantonio*, 196 Colo. 242, 244, 583 P.2d 919, 921 (1978)(it is the mutual responsibility of the prosecution and the trial court to see that a case is brought to trial within the speedy trial period). This responsibility was substantially the same as that which exists in any case where the defendant files a suppression motion in advance of trial. And because the People concede the record "does not establish who acted to set the motion" hearing for July 23, we have no basis for conclud-

ing that the speedy trial period was tolled or extended by defendant's actions.

Accordingly, we uphold the trial court's determination that defendant's statutory right to a speedy trial was violated. In light of this conclusion, we do not address the People's arguments with respect to the time period after July 22.

The order is affirmed.

Judge STERNBERG * and Judge NEY * concur.