**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Victor MOSLEY, Defendant–Appellee.**

**No. 08CA1565.**

Colorado Court of Appeals,
Div. VI.

Nov. 23, 2011.

Rehearing Denied Jan. 26, 2012.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2011.

Carol Chambers, District Attorney, Andrew Cooper, Senior Deputy District Attorney, Centennial, Colorado, for Plaintiff-Appellant.

Douglas K. Wilson, Colorado State Public Defender, Karen N. Taylor, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge RICHMAN.

The prosecution (state) appeals the dismissal with prejudice of its case against defendant, Victor Mosley, on speedy trial grounds. We reverse the judgment of dismissal and remand the case for reinstatement of the charges, because we conclude the trial court improperly applied section 18–1–405(2), C.R.S.2011, of the speedy trial statute.

## I. Background

On February 5, 2004, defendant was convicted of twelve counts of sexual assault on a child by a person in a position of trust and one count of crime of violence. On May 3, 2007, a division of this court reversed the conviction and remanded the case for a new trial. *People v. Mosley*, 167 P.3d 157 (Colo. App.2007). The trial court received the mandate on September 19, 2007, resulting in a speedy trial deadline of March 19, 2008, under subsection (2) of the speedy trial statute.

The portions of the speedy trial statute pertinent to this case provide:

(1) Except as otherwise provided in this section, if a defendant is not brought to trial on the issues raised by the complaint, information, or indictment within six months from the date of the entry of a plea of not guilty, he shall be discharged from custody if he has not been admitted to bail, and, whether in custody or on bail, the pending charges shall be dismissed, and the defendant shall not again be indicted, informed against, or committed for the same offense, or for another offense based upon the same act or series of acts arising out of the same criminal episode.

(2) If trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court.

(3) If a trial date has been fixed by the court, and thereafter the defendant requests and is granted a continuance for

trial, the period within which the trial shall be had is extended for an additional six-month period from the date upon which the continuance was granted.

. . . .

(6) In computing the time within which a defendant shall be brought to trial as provided in subsection (1) of this section, the following periods of time shall be excluded:

. . . .

(e) The period of delay caused by any mistrial, not to exceed three months for each mistrial;

(f) The period of any delay caused at the instance of the defendant;

(g) The period of delay not exceeding six months resulting from a continuance granted at the request of the prosecuting attorney, without the consent of the defendant, if:

(I) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that this evidence will be available at the later date; or

(II) The continuance is granted to allow the prosecuting attorney additional time in felony cases to prepare the state's case and additional time is justified because of exceptional circumstances of the case and the court enters specific findings with respect to the justification. . . .

§ 18–1–405, C.R.S.2011.

Defendant appeared in court on October 22 and 25, 2007 for advisement and appointment of counsel. According to a minute order in the record, on October 29, 2007, defendant waived his right to a speedy trial. The speedy trial deadline was recalculated as April 29, 2008, and trial was set to commence on April 8, 2008. While the circumstances of this waiver are unclear, there is no indication in the record that defendant protested this rescheduled trial date.

On March 31, 2008, the state moved to continue the trial due to the unavailability of the complaining witness, and to exclude the additional time from the running of the

speedy trial deadline under subsection (6)(g)(I) of the speedy trial statute.

Defendant argued that the requirements of subsection (6)(g)(I) had not been satisfied because the state had not exercised due diligence in locating the witness. He objected to any setting after the April 29, 2008 speedy trial date, but did not expressly argue that subsection (6) had no application to his case. The trial court granted the continuance, specifically finding,

> Court finds that obstructions have been placed on the [prosecution's] efforts to locate the victim and that [the prosecution] has exercised due diligence and further finds good faith effort to keep this matter moving along. Court grants the People's motion to continue and extends speedy [trial period] to 9/30/08.

The court extended the speedy trial period by six months and set a new trial date of June 17, 2008.

On April 30, 2008 defendant moved to dismiss for violation of his speedy trial right. However, defendant again did not argue that the time exclusions found in subsection (6) did not apply to the case. Rather, he expressly acquiesced in the application of subsection (6) exclusions by restating his argument that the state had failed to satisfy the requirements of subsection (6)(g)(I). He further acquiesced in the court's application of subsection (6) by arguing that

- the court erred by extending the speedy trial deadline by six months rather than excluding the six- to eight-week period the state requested as provided in subsection (6)(g)(I); and
- the court failed to make the specific findings to support the state's justification for additional time as required by subsection (6)(g)(II).

Defendant's motion expressly relied upon subsections (1), (6)(g)(I), and (6)(g)(II) in its argument and its request for dismissal.

Trial commenced on June 17, 2008. On June 25, 2008, the court declared a mistrial because of a hung jury.

On July 17, 2008, defendant moved to dismiss the case. Defendant's first argument, relying on subsection (6), contended that subsection (6) "describes the circumstances in which the speedy trial period may be extended at the request of the prosecutor without the consent of the defendant," and that the court had erred in its application by granting a continuance to the state. He argued also that the court erred by extending the speedy trial period for six months rather than excluding from the speedy trial deadline the six- to eight-week period the state said it would need to secure the complaining witness's presence.

Defendant's second argument, raised for the first time, was that subsection (2) of the statute required a dismissal because his trial had not commenced within six months after the trial court's receipt of the mandate. He argued that the exclusions provided for in subsection (6), by its plain language, only apply to deadlines contained in subsection (1) of the speedy trial statute. He thus argued that his right to a speedy trial was violated on March 31, 2008 when the court granted the continuance beyond the six-month period, and that the three-month period allowed for retrial following a mistrial contained in subsection (6)(e) was not applicable here.

On July 21, 2008, the court held a hearing on the motion. The state argued that if the statute were read as defendant suggested, viewing each subsection in isolation, the remedy of dismissal provided in subsection (1) would not be available for a violation of subsection (2), and defendant's argument could lead to absurd results.

The court nonetheless granted defendant's motion and dismissed the case with prejudice. The court relied upon *People v. Zedack*, 93 P.3d 629 (Colo.App.2004), and concluded that the exclusions set forth in subsection (6) do not apply absent some action on the part of defendant.

The state appeals the dismissal with prejudice.

## II. Analysis

The issue now before us is whether the trial court erred by dismissing with prejudice the state's case against defendant based on its conclusion that the exclusions of time provided in subsection (6) do not apply to

subsection (2) cases unless the delay is caused by some action of the defendant.

 As an initial matter, we reject defendant's contention that the state did not preserve for appeal its argument that the speedy trial statute is ambiguous. The state brought this interpretation of the statutory provisions to the attention of the trial court, and thus the issue of ambiguity was before the court on defendant's second motion to dismiss.

### A. Standard of Review

 "Where, as here, a trial court dismisses charges based on its application of a speedy trial statute to undisputed facts, our review is de novo." *People v. Walker,* 252 P.3d 551, 552 (Colo.App.2011).

### B. Ambiguity

 Our primary task in construing a statute is to give effect to the intent of the General Assembly by looking first at the language of the statute. *People v. Disher,* 224 P.3d 254, 256 (Colo.2010). When the statutory language is clear and unambiguous, there is no need to resort to interpretive rules and statutory construction. *Jones v. Cox,* 828 P.2d 218, 221 (Colo.1992). However, when a statute is ambiguous, we look to other tools of construction. *Disher,* 224 P.3d at 256.

 Thus, as a threshold matter, we must determine whether subsection (2) of the speedy trial statute is ambiguous. A statute is ambiguous when its meaning is uncertain because of "silence" in the statutory language. "A statute may be ambiguous if it is silent on an issue that would be expected to be within its scope." *People v. Carey,* 198 P.3d 1223, 1229 (Colo.App.2008); *see People v. Newton,* 764 P.2d 1182, 1189 (Colo.1988) (silence of statute as to its applicability to crimes committed prior to but continuing beyond its effective date "creates an ambiguity with respect to the reach of the statute"); *People v. Palomo,* 272 P.3d 1106, 1112 (Colo. App.2011) ("The silence of a statute on matters within its scope renders it ambiguous.").

The state contends that subsection (2) of the speedy trial statute is ambiguous because it does not expressly incorporate the remedy of dismissal provided in subsection (1), nor does it expressly state any remedy if the six-month period is exceeded. Defendant argues that the statute is not ambiguous, and that the court's order of dismissal properly rested on the plain language of the statute.

We conclude that the language of subsection (2) is ambiguous, and the trial court erred in concluding that the statute can be applied according to its plain language.

The language of subsection (2) provides only that "[i]f trial results in conviction which is reversed on appeal, any new trial must be commenced within six months after the date of the receipt by the trial court of the mandate from the appellate court." As the state argues, the trial court could not have relied only on the plain language of subsection (2) because it provides no remedy in the event that the new trial does not occur within six months. We conclude this statute is ambiguous because it is silent on an issue that would be expected to be within its scope, and in fact is necessary to give meaning to the statutory language.

In addition, the pretrial proceedings are replete with conduct by defendant and the court showing that they understood the subsection (6) exclusions applied in this case to the calculation of the time within which defendant must be brought to trial after remand from this court. As noted above, defendant repeatedly argued for denying exclusion of time under subsection (6), without ever arguing that the time exclusions had no application to a case set for trial after a remand.

Further, although ostensibly relying on the plain language of subsection (2), the trial court explicitly stated that the exclusions of time provided in subsection (6) could apply to the deadline contained in subsection (2) if the defendant took action to cause the delay. No plain language in subsection (2) supports such an interpretation. While subsection (6)(f) provides for exclusion of time for any period of delay "caused at the instance of the defendant," application of that subsection would be subject to the very language defendant relies on, namely the prefatory lan-

guage in subsection (6) referencing only "the time within which a defendant shall be brought to trial as provided in subsection (1)," and not referencing subsection (2).

We therefore conclude that the statute is ambiguous and cannot be applied according to its plain language.

### C. Statutory Construction

#### 1. Legislative Goal and Consequences

■■■ Where a statute is ambiguous, "a court must proceed beyond a plain language analysis and consider ... the goal intended to be achieved by the statute, and the consequences of a given construction of the statute in order to ascertain its meaning." *People v. Norton,* 63 P.3d 339, 345 (Colo.2003); *see also* § 2–4–203, C.R.S.2011.

■■■ The intent of the speedy trial statute is "to implement the constitutional right to a speedy trial by requiring dismissal of the case whenever the defendant is not tried within the six month period and the delay does not qualify for one of the express exclusionary categories set out in the statute." *People v. Deason,* 670 P.2d 792, 796 (Colo. 1983). Thus, we conclude that the remedy of dismissal from subsection (1) must be imported into subsection (2) in order to effectuate the intent of the statute.

■■■ However, we must read and consider the statute as a whole, giving consistent, harmonious, and sensible effects to all of its parts, *Rodriguez v. Schutt,* 914 P.2d 921, 925 (Colo.1996), and avoid any construction that would render meaningless a part of the statute. *People v. Dist. Court,* 713 P.2d 918, 921 (Colo.1986); *Mayo v. People,* 181 P.3d 1207, 1210 (Colo.App.2008).

We discern no logical reason why the exclusions of time periods specified in subsection (6) would apply to a defendant's first trial but not to that same defendant's retrial after his or her case is reversed on appeal and remanded for a new trial. And given that "[t]he right to a speedy trial is not only for the benefit of the accused, but also for the protection of the public," *Jaramillo v. Dist. Court,* 174 Colo. 561, 567, 484 P.2d 1219, 1221 (1971), we discern no logical rea-

son why the exclusions of time in subsection (6) must apply whether the delay on retrial is caused by the actions of the defendant or the needs of the prosecution. Surely, the prosecution as well as the defendant could face circumstances requiring exclusions of time when a case is remanded and set for a retrial.

Neither party has cited to any legislative history pertinent to the intent of the General Assembly in enacting subsection (2). However, in *People v. Pipkin,* 655 P.2d 1360, 1361 (Colo.1982), the court stated that the General Assembly intended to implement the American Bar Association Standards for Criminal Justice relating to speedy trial when it adopted the speedy trial statute. A comment from the ABA Standards for Criminal Justice: Speedy Trial and Timely Resolution of Criminal Cases (3d ed. 2006), recognizes that when a case is reversed on appeal and remanded for retrial, a process which may take many months, it may take substantial time to locate essential witnesses and undertake fresh preparation. Both the defendant and the prosecution are in positions akin to those they are in at the inception of the case, and thus require "new time limits to be set in the same fashion as if the case were newly filed." Comment on Standard 12–2.2(c).

#### 2. Absurd Results

The state contends that the trial court's interpretation, that any new trial after a conviction is reversed must be commenced within six months without any exclusions of time absent some action on the part of the defendant, would lead to absurd results. We agree.

■■■ "A statutory interpretation leading to an illogical or absurd result will not be followed." *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004) (citing *State v. Nieto,* 993 P.2d 493, 501 (Colo.2000)).

In *People v. Powell,* 917 P.2d 298 (Colo. App.1995), a division of this court rejected the arguments that the time exclusions found in subsection (6) apply only to subsection (1), and that no exclusions are available for a case set for trial after a remand. The *Powell* division held that "an absolute rule requiring

trial [under subsection (2) ] within six months without any exceptions or tolling under any circumstances would lead to absurd results." *Powell*, 917 P.2d at 299.

Moreover, as the trial court here noted, in *Zedack*, the division affirmed a dismissal of a case not brought to trial within six months of a remand, relying on section (2). While it did not decide whether the time exclusions of subsection (6) might apply, it noted that it could not determine from the record whether the delay in setting the hearing that put the case beyond the six-month deadline was caused by "defendant's actions." 93 P.3d at 630. The implication of this statement, as the trial court here realized, was that if the defendant had caused delay, the time could be excluded. We read *Zedack* as implicitly recognizing that not allowing for some exclusion to the time deadlines in section (2) would lead to an absurd result.

In addition, as the state points out, under the trial court's interpretation, the following scenarios could ensue:

- the charges against a defendant rendered incompetent to proceed after the reversal of a conviction, and who cannot be tried or sentenced pursuant to section 16–8.5–102, C.R.S.2011, would have to be dismissed after six months;
- the charges against a defendant whose retrial was joined with a codefendant whose time for speedy trial had not run and with good cause for not granting a severance would have to be dismissed after six months;
- the charges against a defendant whose retrial resulted in a mistrial and who, for any reason, could not be tried again within the original six-month period would have to be dismissed.

We agree with the state that allowing the defendant to avoid criminal charges under such scenarios was not the intent of the legislature. *See People v. Runningbear*, 753 P.2d 764, 767 (Colo.1988) ("We presume that the General Assembly intends a just and reasonable result when it enacts a statute . . . ."). Thus, we cannot approve the trial court's interpretation because it leads to an illogical or absurd result and does not effectuate the intent of the legislature. *See Frazier*, 90 P.3d at 811.

Defendant argues that the trial court's interpretation of subsection (2), recognizing that a defendant's actions can extend the time for retrial despite no statutory provision to that effect, is justified because a defendant can always waive his or her constitutional right to a speedy trial. That may be so, but the constitutional right to speedy trial is different from the statutory right. *See, e.g., Moody v. Corsentino*, 843 P.2d 1355, 1362 (Colo.1993). Moreover, even if a defendant waives his or her constitutional right to a speedy trial, such action does not result in establishing a definitive deadline under the statute within which he must be retried, unless the time exclusions of subsection (6) are applied.

### D. Lenity

Defendant argues that if we conclude the speedy trial statute is ambiguous, we must apply the rule of lenity and resolve the ambiguity in his favor. We disagree.

Lenity does not apply in situations where the court can resolve the ambiguity by applying "the normal rules of statutory construction." *DePierre v. United States*, 564 U.S. 70, 88, 131 S.Ct. 2225, 2237, 180 L.Ed.2d 114 (2011). Colorado courts consider the rule of lenity as a last resort, *People v. Summers*, 208 P.3d 251, 258 (Colo. 2009), and may not apply it to defeat the intention of the legislature. *People v. Terry*, 791 P.2d 374, 377 n. 4 (Colo.1990).

### E. Alternative Grounds to Affirm

Defendant argues that we may affirm the trial court's dismissal of his case on the alternative ground that the trial court erred in finding that the state established "good cause" to continue the April 8, 2008 trial date and exclude time under subsection (6)(g)(I). We consider this argument because "[o]n appeal, a party may defend the trial court's judgment on any ground supported by the record, whether relied upon or even considered by the trial court." *People v. Aarness*, 150 P.3d 1271, 1277 (Colo.2006).

Whether the exclusion of subsection (6)(g)(I) applies and permits a continuance

beyond the original speedy trial period is a determination committed to the sound discretion of the trial court. *See People v. Scialabba,* 55 P.3d 207, 209 (Colo.App.2002). We note that defendant twice argued his position before the trial court. In both instances, the court made specific findings supported by the record that the state had exercised due diligence to find the witness. We are unable to conclude that the court abused its discretion in deciding that the state exercised due diligence. We thus decline to affirm on this alternative basis.

### III. Conclusion

We thus conclude that the exclusions to the speedy trial computation contained in

subsection (6) apply to subsection (2) as they apply to subsection (1).

Therefore, the judgment of dismissal is reversed, and the case is remanded for reinstatement of the charges.

Judge LOEB and Judge STERNBERG * concur.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24–51–1105, C.R.S.2011.