**The PEOPLE of the State of Colorado,
Plaintiff–Appellee,**

v.

**Ronald C. BLACK,
Defendant–Appellant.**

No. 86CA0912.

Colorado Court of Appeals,
Div. I.

Feb. 4, 1988.

Rehearing Denied March 3, 1988.

Certiorari Denied Aug. 1, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Douglas D. Barnes, Deputy State Public Defender, Denver, for defendant-appellant.

METZGER, Judge.

The defendant, Ronald C. Black, was convicted after a jury trial of sexual assault on a child and enticement of a child. He appeals only the judgment of conviction of enticement of a child, arguing that the trial court erred as a matter of law in denying his motion to dismiss that charge. We affirm.

Defendant contends that § 18–3–305, C.R.S. (1986 Repl.Vol. 8B) (enticement of a child) is limited by its plain language to sexual assaults in the first, second, or third degree as defined in §§ 18–3–402, 18–3–403, 18–3–404, C.R.S. (1986 Repl.Vol. 8B). Thus, he argues, since the offense of sexual assault on a child is not designated as having any degree, *see* § 18–3–405, C.R.S. (1986 Repl.Vol. 8B), as a matter of statutory construction, conviction of sexual assault on a child precludes conviction of enticement of a child.

In response, the People assert that the enticement statute requires only that the actor entice the child with the intent to commit sexual assault in any degree. Thus, they argue, since the evidence showed that defendant intended to commit sexual assault at the time of enticement, the trial court did not err in denying defendant's motion to dismiss. We agree with the People.

Section 18–3–305(1), C.R.S. (1986 Repl. Vol. 8B) provides that:

"A person commits the crime of enticement of a child if he invites or persuades ... a child under the age of fifteen years to enter any vehicle ... *with the intent to commit sexual assault in any degree upon said child....*" (emphasis added)

The statute requires only that the People prove the defendant acted with the intent to cause the result of a sexual assault of some degree upon a victim younger than fifteen years of age. Contrary to defendant's contention, the fact that he was unable to complete a sexual assault of any degree is irrelevant.

The People presented evidence showing that the defendant invited and persuaded the 12-year-old victim to enter his vehicle, drove to a remote location, overpowered her, and attempted to sexually assault her. This evidence was sufficient to establish defendant's intent to commit a second-degree sexual assault, as defined by § 18–3–403(1)(e), C.R.S. (1986 Repl.Vol. 8B). Thus, even though the defendant was neither charged with nor convicted of a first, second, or third degree sexual assault, the record contains sufficient evidence to demonstrate that defendant had the requisite intent to commit a sexual assault of any degree, as required by the enticement statute.

Judgment affirmed.

PIERCE and CRISWELL, JJ., concur.