The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

William VINSON, Defendant–Appellee.

No. 01CA0676.

Colorado Court of Appeals, Div. I.

Jan. 17, 2002.

Frank J. Daniels, District Attorney, Tammy Eret, Deputy District Attorney, Grand Junction, CO, for Plaintiff–Appellant.

Randy L. Brown, P.C., Randy L. Brown, Grand Junction, CO, for Defendant–Appellee.

Opinion by Judge METZGER.

The sole issue in this appeal is whether seminal fluid from one masturbating and ejaculating onto clothing covering the intimate parts of another constitutes sexual contact for the purposes of § 18–3–405(1), C.R.S. 2001 (sexual assault on a child), and of § 18–3–405.3(1), C.R.S.2001 (sexual assault on a child by one in a position of trust). We conclude that it does and, accordingly, reverse the trial court's judgment dismissing the complaint and information against defendant, William Vinson, and remand the case for further proceedings.

Defendant was charged with one count of sexual assault on a child and one count of sexual assault on a child by one in a position of trust. The prosecution alleged that defendant had ejaculated semen onto the jeans covering his teenage stepdaughter's buttocks while he thought she was napping on her bed.

Defendant filed a motion to dismiss, alleging that, because he did not touch his stepdaughter with a body part, the "sexual contact" element of the charges could not be established. The trial court agreed with defendant and granted the motion. The People appeal.

▪ Both sexual assault on a child and sexual assault on a child by one in a position of trust require that "sexual contact" occur between the defendant and the victim. *See* §§ 18–3–405(1), 18–3–405.3(1).

"Sexual contact" is defined in § 18–3–401(4), C.R.S.2001, as

the knowing touching of the victim's intimate parts by the actor, or of the actor's intimate parts by the victim, or the knowing touching of the clothing covering the immediate area of the victim's or actor's intimate parts if that sexual contact is for the purposes of sexual arousal, gratification, or abuse.

"Intimate parts" is defined in § 18–3–401(2), C.R.S.2001, as, among other things, "the buttocks." There is no statutory definition of the word "touching."

Relying on dictionary definitions of the word "touch" that refer to some part of the body coming into contact with something, defendant argues that ejaculating semen onto the victim's buttocks does not constitute "touching" within the meaning of § 18–3–401(4). Relying on other dictionary definitions, the People argue that "touching" under the statute need not be direct person-to-person contact. We agree with the People.

▪ Statutory interpretation is a question of law subject to de novo review by this court. *See Hendricks v. People*, 10 P.3d 1231 (Colo.2000). In interpreting a statute, we must ascertain and give effect to the intent of the General Assembly, which should be determined from the plain and ordinary meaning of the statutory language whenever possible. *Mason v. People*, 932 P.2d 1377 (Colo. 1997).

We presume that the General Assembly intends a just and reasonable result when it enacts a statute, and we will not follow a statutory construction that defeats the legislative intent or leads to an unreasonable or absurd result. *People v. Gholston*, 26 P.3d 1 (Colo.App.2000).

*Webster's Third New International Dictionary* 2416 (1986) defines the word "touch" as "the act or fact of touching, feeling, striking lightly, or coming in contact."

We conclude that defendant's narrow construction of the word "touch" is contrary to the legislative intent. If we were to adopt defendant's interpretation, we would have to conclude that using an object to touch another person's intimate parts for the purpose of sexual gratification or arousal does not constitute "sexual contact" under § 18–3–401(4) and, hence, cannot constitute a sexual assault. We see no basis for adopting such an interpretation.

Accordingly, we conclude that ejaculating semen onto clothing covering another person's intimate parts may constitute "touching" for purposes of establishing the "sexual

contact" element of both sexual assault on a child and sexual assault on a child by one in a position of trust. *Cf. People v. Peay,* 5 P.3d 398 (Colo.App.2000)(spitting on another person constitutes "physical contact" within meaning of harassment statute); *State v. Mathews,* 130 Ariz. 46, 633 P.2d 1039 (Ariz.Ct.App.1981)(throwing urine on another person constitutes "touching" within meaning of assault statute); *State v. Dawson,* 985 S.W.2d 941 (Mo.Ct.App.1999)(putting semen in a mug, which the victim then drank, constitutes "touching" within meaning of "physical contact" element of statutory assault).

The judgment dismissing the charges against defendant is therefore reversed, and the case is remanded for further proceedings.

Judge NEY and Judge TAUBMAN concur.