**THE PEOPLE OF THE STATE OF COLORADO, Plaintiff–Appellee,**

v.

**David Barchlotte GRIZZLE, Defendant–Appellant.**

No. 03CA2159.

Colorado Court of Appeals, Div. V.

March 23, 2006.

Certiorari Denied Aug. 14, 2006.*

* Justice EID does not participate.

John W. Suthers, Attorney General, Patricia R. Van Horn, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Robert T. McAllister, P.C., Robert T. McAllister, Denver, Colorado, for Defendant–Appellant.

ROY, J.

Defendant, David Barchlotte Grizzle, appeals the judgment of conviction entered on a jury verdict finding him guilty of one count of attempted sexual assault on a child, § 18–3–405(1), C.R.S.2005, and one count of enticement of a child, § 18–3–305(1), C.R.S.2005. Defendant was sentenced to ninety days in jail and ten years probation. We affirm.

Defendant contends on appeal that the trial court erred in not instructing the jury on the affirmative defense of entrapment and in not permitting him to call expert witnesses to testify that he did not have a propensity to commit sexual assault on a child. Because we conclude that defendant was precluded from asserting the affirmative defense, we disagree.

The events giving rise to the charges commenced on or about the time that defendant made contact in an Internet chat room with a person claiming to be a thirteen-year-old girl. However, the person he contacted was actually an adult male deputy sheriff. Over the course of several weeks, the parties exchanged photographs and defendant spoke on the phone several times with a female deputy substituting for the male deputy. The subject in the photographs that defendant received was, in fact, a youthful-looking but obviously adult female deputy sheriff. The nature of the correspondence was often sexually explicit with defendant going so far as to expose himself and masturbate in front of a camera that transmitted live images over the Internet. Defendant was then invited to a rendezvous at an apartment purportedly occupied by the victim, and he was arrested upon his arrival.

At trial, defendant denied any wrongdoing. He testified that (1) he never believed the victim to be thirteen years old but thought that she was in her early twenties; (2) during his exchanges with her, defendant was just playing along as flirtation and part of a fantasy; and (3) his past experiences with Internet communication and chat rooms led him to believe that most participants created fake profiles, used fake names, and sent out fake pictures as occurred here. Throughout his testimony, he adamantly maintained that he believed, certainly after he was provided with photographs, that he was, in fact, communicating and agreeing to meet with an adult. The prosecution's theory, based on the extended communications between defendant and the "victim" over the Internet, was that defendant went to the rendezvous with the intent to have a sexual liaison with a child.

As tried, the case turned on the credibility of the witnesses, particularly defendant. If the jurors believed him, they presumably would have acquitted. If the jurors accepted the prosecution's theory they would, as they did, convict.

Entrapment is defined by § 18–1–709, C.R.S.2005, which states:

> The commission of acts which would otherwise constitute an offense is not criminal if the defendant engaged in the proscribed conduct because he was induced to do so by a law enforcement official or other person acting under his direction, seeking to obtain evidence for the purpose of prosecution, and the methods used to obtain that evidence were such as to create a substantial risk that the acts would be committed by a person who, but for such inducement, would not have conceived of or engaged in conduct of the sort induced. *Merely affording a person an opportunity to commit an offense is not entrapment even though representations or inducements calculated to overcome the offender's fear of detection are used.*

(Emphasis added).

Entrapment is an affirmative defense. *People v. Sprouse,* 983 P.2d 771 (Colo.1999). An affirmative defense is one in which a defendant admits doing the criminal act but seeks to justify, excuse, or mitigate the act. It is not available to a defendant

who denies any wrongdoing. *People v. Huckleberry*, 768 P.2d 1235 (Colo.1989). A defendant must admit to having engaged in the proscribed conduct to be entitled to an entrapment instruction, however, he or she need not plead guilty in order to assert an entrapment defense. *People v. Hendrickson*, 45 P.3d 786 (Colo.App.2001).

A defendant is guilty of sexual assault on a child when he or she "knowingly subjects another not his or her spouse to any sexual contact ... if the victim is less than fifteen years of age and the actor is at least four years older than the victim." Section 18–3–405(1).

A defendant is guilty of enticement of a child "if he or she invites or persuades, *or attempts* to invite or persuade, a child under the age of fifteen years to enter any vehicle, building, room, or secluded place *with the intent to commit sexual assault or unlawful sexual contact upon said child.*" Section 18–3–305(1) (emphasis added); *See People v. Black*, 759 P.2d 746 (Colo.App.1988)(the crime of enticement of a child is complete if the defendant acted with the intent to cause a sexual assault on a child even though he was unable to complete it). The jury was instructed on attempt to entice a child as provided in § 18–3–305(1).

Section 18–2–101(1), C.R.S.2005, which defines "criminal attempt," states:

A person commits criminal attempt if, *acting with the kind of culpability otherwise required for commission of an offense,* he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense. *Factual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be,* nor is it a defense that the crime attempted was actually perpetrated by the accused.

(Emphasis added.)

When the object of an attempt to sexually assault or entice is an existing person under the age of fifteen years, the belief that the person is over the age of fifteen years is irrelevant. Section 18–1–503.5(3), C.R.S.2005 ("[i]f the criminality of conduct depends on a child being younger than fifteen years of age, *it shall be no defense that the defendant did not know the child's age or that the defendant reasonably believed the child to be fifteen years of age or older* ")(emphasis added); *see also People v. Bath*, 890 P.2d 269 (Colo.App.1994)(strict liability as to the victim's age).

■ However, when, as here, there is no "real" person, a defendant's belief as to the age of the person with whom he attempts to engage in sexual activities is not only relevant but central to the inquiry. For instance, if a defendant believed that he or she was going to meet an adult for the purposes of having a sexual liaison, no crime is implicated because there is no "real" victim and if matters were as the defendant believed, there is not, without more, a crime. If, however, a defendant believed that the person with whom he or she had arranged a sexual liaison was under the age of fifteen, then he or she could be guilty of criminal attempt even when there is a nonexistent victim. *Cf.* § 18–2–101, C.R.S.2005 (factual impossibility is not a defense if the offense could have been committed had the attendant circumstances been as the defendant believed them to be).

■ Internet sting operations of the type conducted here do not involve a victim, child or adult. The culpable mental state for attempt is the culpable mental state necessary for the commission of the underlying offense, § 18–2–101, at the time of the attempt.

Defendant did not admit that he believed the "victim" to be under the age of fifteen years. Therefore, he did not admit to all of the elements of attempted sexual assault on a child or enticement of a child, and he was not, under the rationale of *People v. Hendrickson, supra,* entitled to assert the affirmative defense of entrapment.

Defendant relies on *Jacobson v. United States,* 503 U.S. 540, 112 S.Ct. 1535, 118 L.Ed.2d 174 (1992); *United States v. Poehl-*

*man,* 217 F.3d 692 (9th Cir.2000); and *United States v. Gamache,* 156 F.3d 1 (1st Cir. 1998), which discussed the entrapment defense and the requirement that the prosecution prove propensity. However, the federal courts follow the rule of *Mathews v. United States,* 485 U.S. 58, 108 S.Ct. 883, 99 L.Ed.2d 54 (1988), in which the Supreme Court held that the entrapment defense was available even though the defendant did not admit all the elements of the offense. A division of this court in *People v. Hendrickson, supra,* rejected *Mathews* on the grounds that the defense of entrapment does not rise to a constitutional dimension and Colorado is free to define the defense as it chooses. *See also People v. Sprouse, supra.* The availability of the affirmative defense of entrapment was not a consideration in the cited cases; it is here.

We are aware that the Internet sting operations of the type used here are common and are used in many jurisdictions. They are relatively inexpensive and easy to do, lack substantial risk to law enforcement personnel, and are directed to very serious offenses with respect to which there is considerable public concern. They are typified by a law enforcement officer assuming the identity of a child, engaging in extended Internet chats with the target, exchanging pictures, and arranging a meeting with a fictitious child at which the target is arrested. The charges may vary, but attempted sexual assault on a child is certainly common. *See* Dru Stevenson, *Entrapment by Numbers,* 16 U. Fla. J.L. & Pub. Pol'y 1 (April, 2005); Audrey Rogers, *New Technology, Old Defenses: Internet Sting Operations and Attempt Liability,* 38 U. Rich. L.Rev. 477 (Jan.2004). These articles discuss, *inter alia,* the use of criminal attempt charges and the applicability of the defenses of legal or factual impossibility, fantasy, and entrapment, the latter two of which were asserted here. While the articles take somewhat different tacks, they both point out that these defenses do not readily fit into the Internet sting paradigm and have been, with rare exception, unsuccessful.

We are also aware that, because of the nature of the Internet, these sting operations approach a large general population, not an individual. It is, perhaps, inevitable that such an operation will ensnare an otherwise law-abiding citizen with sexual fantasies—involving conduct which is illegal, immoral, taboo, or all three—upon which he or she would not otherwise act were the opportunity not presented to them. However, merely providing an opportunity does not implicate the affirmative defense of entrapment. Section 18–1–709.

It may also be the case that, once ensnared, the target would find it difficult if not impossible to admit that he or she intended, or wanted, to engage in sexual activities with a child.

In any event, because defendant did not admit the culpable mental state necessary to the two attempt charges, the affirmative defense of entrapment is not available to him. Therefore, the trial court properly refused to instruct the jury on the affirmative defense of entrapment and to permit defendant to call an expert witness on the issue of his lack of a predisposition to engage in the prohibited conduct.

The judgment is affirmed.

Judge DAILEY and Judge KAPELKE ** concur.