The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Tim S. ROWLAND, Defendant–Appellant.

No. 07CA1875.

Colorado Court of Appeals,
Div. IV.

Jan. 8, 2009.

John W. Suthers, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Law Office of Suzan T. Almony, Suzan T. Almony, Broomfield, Colorado, for Defendant–Appellant.

Opinion by Judge WEBB.

Defendant, Tim S. Rowland, appeals only the trial court's designating him a sexually violent predator (SVP) at sentencing on his guilty plea to sexual assault on a child by one in a position of trust and child abuse. Because we conclude that community notification under section 16–13–903, C.R.S.2008, does not constitute additional punishment and that Rowland was not entitled to an evidentiary hearing before the SVP designation, we affirm.

### I. Facts

The presentence investigation report included the evaluator's conclusion that Rowland is an SVP. Rowland objected and requested a hearing. He argued that determining whether an offender is an SVP presents a question of fact that can be decided only after an evidentiary hearing. He also argued that the SVP designation subjects him to the additional punishment of community notification, and therefore, *Apprendi v. New Jersey*, 530 U.S. 466,

120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), preclude this designation based on trial court findings of facts not established by his plea.

Following the reasoning of *People v. Stead*, 66 P.3d 117 (Colo.App.2002) (rejecting a similar argument based on sex offender reporting and Internet posting requirements), the trial court held that *Blakely* did not apply. The court also held that Rowland was not entitled to an evidentiary hearing.

### II. Community Notification Requirements Are Not Punishment

Rowland again contends the community notification requirements constitute additional punishment and, therefore, the trial court's finding him an SVP violates *Apprendi* and *Blakely*. He cites no authority supporting this argument and acknowledges that *Stead*, 66 P.3d at 120–23, holds the contrary.

Nevertheless, he argues that, under *Kennedy v. Mendoza–Martinez*, 372 U.S. 144, 83 S.Ct. 554, 9 L.Ed.2d 644 (1963), the community notification requirements have more severe consequences than the reporting and posting requirements at issue in *Stead* because they: (1) restrict where he may live; (2) negatively impact his parole eligibility; (3) require him to pay an additional cost to notify the community; and (4) make him a social pariah. Further, those requirements involve scienter because the trial court has to make the finding that Rowland established or promoted a relationship for a sexual purpose. He also argues that, although the stated legislative intent is to promote public safety, the effect is to ostracize him.

■ Like numerous other courts, we conclude that, under the *Mendoza–Martinez* factors, Rowland has not been subjected to additional punishment. *See, e.g., Cutshall v. Sundquist*, 193 F.3d 466 (6th Cir.1999); *In re R.W. v. Sanders*, 168 S.W.3d 65, 70 n. 2 (Mo.2005) (collecting cases).

■ As relevant here, an offender is an SVP if he: (1) is eighteen years or older at the time of the offense; (2) is convicted of sexual assault on a child by one in a position

of trust; (3) committed the offense on a person with whom he established or promoted a relationship primarily for the purpose of sexual victimization; and (4) is likely to commit another sexual assault based on the results of a risk assessment screening instrument. *See* § 18–3–414.5(1), C.R.S.2008.

Under section 16–13–903(3)(a), C.R.S.2008: [w]hen a sexually violent predator is sentenced to probation or community corrections or is released into the community following incarceration, the sexually violent predator's supervising officer, or the official in charge of the releasing facility or his or her designee if there is no supervising officer, shall notify the local law enforcement agency for the jurisdiction in which the sexually violent predator resides or plans to reside upon release from incarceration. The local law enforcement agency shall notify the Colorado bureau of investigation, and the sexually violent predator's status as being subject to community notification shall be entered in the central registry of persons required to register as sex offenders created pursuant to section 16–22–110.

In evaluating whether community notification constitutes punishment, a two-part test applies.

First, if the stated purpose of a statute is punishment, the inquiry ends there. *See Mendoza–Martinez,* 372 U.S. at 167, 83 S.Ct. 554. But here, the General Assembly expressed its intent as follows:

The general assembly hereby finds that persons who are convicted of offenses involving unlawful sexual behavior and who are identified as sexually violent predators pose a high enough level of risk to the community that persons in the community should receive notification concerning the identity of these sexually violent predators. The general assembly also recognizes the high potential for vigilantism that often results from community notification and the dangerous potential that the fear of such vigilantism will drive a sex offender to disappear and attempt to live without supervision. The general assembly therefore finds that sex offender notification should only occur in cases involving a high degree of risk to the community and should only occur under carefully controlled circumstances that include providing additional information and education to the community concerning supervision and treatment of sex offenders.

§ 16–13–901, C.R.S.2008. Because the stated purpose is other than punishment, then the factors set forth in *Mendoza–Martinez,* 372 U.S. at 168–69, 83 S.Ct. 554, provide a framework for analyzing whether the statute constitutes punishment. *See Stead,* 66 P.3d at 121.

The *Mendoza–Martinez* factors include:

(1) [w]hether the sanction involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment—retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is assignable for it; and (7) whether it appears excessive in relation to the alternative purpose assigned.

*Mendoza–Martinez,* 372 U.S. at 168–69, 83 S.Ct. 554.

■ No one factor is controlling. *People v. Howell,* 64 P.3d 894, 899 (Colo.App.2002) (citing *Hudson v. United States,* 522 U.S. 93, 101, 118 S.Ct. 488, 139 L.Ed.2d 450 (1997)). Further, "only the clearest proof" will override legislative intent and transform a civil remedy into a criminal sanction. *Hudson,* 522 U.S. at 100, 118 S.Ct. 488.

### A. No Affirmative Disability or Restraint

■ Like the Internet posting requirements under section 18–3–412.5, C.R.S.2008, community notification does not impose an affirmative disability or restraint because it does not, on its face, restrict where an offender may live or work and does not alter either the length of incarceration or the parole eligibility date. *See* § 16–13–903; *Smith v. Doe,* 538 U.S. 84, 105–06, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003) (under the *Mendoza–Martinez* factors, Alaska's practice

of Internet posting of sex offenders is not punishment for ex post facto purposes); *Stead,* 66 P.3d at 121. Rowland's argument that his parole eligibility date may be affected because of possible delay in finding a place to which he may be released does not support a different conclusion because it is speculative.

### B. Not Historically Regarded as Punishment

■ Notification to the affected community has not traditionally been considered punishment. The information is released to select groups that are directly affected by the SVP's presence in their community, which limits a defendant's risk of becoming a social pariah, as Rowland argues. *Stead,* 66 P.3d at 121 (agreeing with *Femedeer v. Haun,* 227 F.3d 1244 (10th Cir.2000), that "public dissemination of information about criminal history is not traditionally considered a punishment, despite the potential negative consequences for a defendant").

Further, as required under section 16–13–903, specific protocols and procedures have been developed concerning notice to the affected community to balance public safety, the victim's right to protection and privacy, and the concern for vigilantism. *See* Colorado Sex Offender Management Board, *Criteria, Protocols and Procedures for Community Notification Regarding Sexually Violent Predators* §§ 13.00—16.00 (Nov.1999).

### C. Finding of Scienter

■ The trial court must make an additional finding of scienter to trigger the community notification requirements. *See Stead,* 66 P.3d at 122 (additional finding of scienter exists because court must find whether the victim was a stranger or, if the victim was not a stranger, whether a defendant established or promoted a relationship with the victim primarily for the purpose of sexual victimization). However, this factor standing alone does not require treating a statute as punishment. *In re Cardwell,* 50 P.3d 897, 904 (Colo.2002).

### D. Retribution and Deterrence

■ As with Internet posting, community notification requirements may be like punishment because they have a deterrent effect. However, the *Stead* division determined, citing *Femedeer,* that this factor is inconclusive. *Id.; see also United States v. Ursery,* 518 U.S. 267, 292, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996) (deterrence may "serve civil as well as criminal goals.").

### E. Criminal Behavior

■ The behavior to which community notification attaches is a crime. *See* §§ 18–3–405(1), 18–6–401(1)(a), (7)(a)(III), C.R.S.2008. However, the Supreme Court has de-emphasized this factor, pointing out that "Congress may impose both a criminal and a civil sanction in respect to the same act or omission." *United States v. Ward,* 448 U.S. 242, 250, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980) (citations omitted); *see Femedeer,* 227 F.3d at 1252 ("Utah has sought to use the sex offender registry to aid in the civil purpose of prevention and investigation of future sex crimes.").

### F. Alternative Purpose

■ As discussed, the General Assembly's stated purpose is to protect the community. Informing and educating the community of the presence of an SVP are rationally connected to this purpose.

### G. Excessive Burden

■ The costs of notifying the target groups or specific communities does not appear to be excessive in light of the public safety purpose of the legislation and the controlled procedures for disseminating the information. *Stead* at 122. The burden on a defendant is reduced because concerns about retribution are addressed in the procedures established for carrying out the notification requirement. *See* Colorado Sex Offender Management Board, *Criteria, Protocols and Procedures for Community Notification Regarding Sexually Violent Predators* § 16.04 (Nov.1999) (community to be informed that "vigilantism will not be tolerated").

We do not consider Rowland's argument that he is required to bear the cost of the

notification process because he provides no support for it and neither the statute nor the procedures say who is to bear the cost.

In sum, the balance of the *Mendoza–Martinez* factors is similar to that recognized in *Stead* and falls far short of "the clearest proof." Hence, we conclude that the community notification requirements under section 16–13–903 do not constitute increased punishment. Therefore, we further conclude that *Apprendi* and *Blakely* do not preclude the trial court from finding that an offender is an SVP.

### III. An Evidentiary Hearing is Not Required Before SVP Designation

Rowland also contends the trial court erroneously denied his request for an evidentiary hearing before finding him an SVP. We do not agree.

### A. Waiver

Initially, Rowland asserts that the prosecution waived any objection to this issue by failing to file a timely response as ordered by the trial court. Alternatively, he argues that, even if the prosecution did not waive the issue, the prosecution should not have been allowed to proceed on an offer of proof.

Section 18–3–414.5(2), C.R.S.2008, requires the court to make a finding whether an offender is an SVP. The failure to file a timely response does not alter this responsibility. *Cf. Craig v. People*, 986 P.2d 951, 956 (Colo.1999) (prosecution cannot modify mandatory parole period). Further, the court's finding is based on reports prepared and submitted by the probation department, not any offer of proof or evidence presented by the People.

### B. Evidentiary Hearing

Section 18–3–414.5(2) does not mandate an evidentiary hearing on whether an offender is an SVP. Rather, the statute requires the court to use the results of the SVP risk assessment to make findings whether the offender is an SVP.

The cases on which Rowland relies are inapposite. The facts of *Stead* show only that the trial court held a hearing, but the division did not hold that it was required to do so. In *People v. Woellhaf*, 87 P.3d 142 (Colo.App.2003), *rev'd on other grounds*, 105 P.3d 209 (Colo.2005), the case was remanded for the trial court to make sufficient findings whether the defendant was an SVP, not to hold an evidentiary hearing. *See id.* at 153.

Accordingly, we conclude that the trial court was not required to hold an evidentiary hearing before determining Rowland an SVP.

The SVP determination is affirmed.

Judge ROY and Judge HAWTHORNE concur.