**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Gregory Alan BUERGE, Defendant–Appellant.**

No. 07CA2393.

Colorado Court of Appeals, Div. II.

Nov. 12, 2009.

John W. Suthers, Attorney General, Rhonda L. White, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Douglas K. Wilson, Colorado State Public Defender, Stephen Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge CASEBOLT.

The main issue in this criminal case is whether a fictional fourteen-year-old girl, created by two police officers conducting an Internet sting operation, can be a "victim" within the meaning of the sexually violent predator statute, section 18-3-414.5, C.R.S. 2009 (SVP statute). Because we conclude that the term means "intended victim" in the context of a conviction for attempted sexual assault, we answer the question affirmatively and therefore affirm the trial court's order determining defendant, Gregory Alan Buerge, to be a sexually violent predator.

## I. Background

Defendant made contact with a purported fourteen-year-old female, "Kelly," in an Internet chat room. "Kelly," however, was a fictional person created by two undercover police officers investigating Internet crimes against children. After defendant proposed to meet with Kelly and one of her friends to perform oral sex and use drugs, one of the investigators, posing as Kelly, personally spoke with defendant on the telephone and arranged a meeting. When defendant arrived at the designated meeting area, police officers arrested him and found drugs and sexual paraphernalia in his possession.

The prosecution charged defendant with possession with intent to distribute a schedule II controlled substance; enticement of a child; Internet luring of a child with intent to exploit; attempted sexual assault on a child—victim less than fifteen; and promotion of obscenity to a minor. Following a plea agreement, defendant pleaded guilty to attempted sexual assault on a child—victim less than fifteen, and an added count of possession of a schedule II controlled substance—more than one gram. The prosecution dismissed the remaining charges.

When sentencing defendant, the trial court granted his request to hold a separate hearing on the sexually violent predator determination. At the conclusion of that hearing, the trial court determined that defendant qualified as a sexually violent predator. This appeal followed.

## II. No Victim

Defendant contends that the trial court erred in classifying him as a sexually violent predator. Specifically, he argues that the SVP statute requires the existence of an actual victim. We reject this contention.

### A. General Law and Standard of Review

A sexually violent predator is an offender (1) who is eighteen years of age or older as of the date of the offense; (2) who has been convicted of one of the offenses enumerated in the SVP statute, including sexual assault on a child, or of an attempt, solicitation, or conspiracy to commit one of the enumerated offenses; (3) whose victim was a stranger to the offender or a person with whom the offender established or promoted a relationship primarily for the purpose of sexual victimization; and (4) who is likely to subsequently commit another enumerated sexual offense, based on the results of a risk assessment screening instrument. § 18-3-414.5(1)(a), C.R.S.2009.

The trial court must make specific findings of fact, based upon the results of the assessment, and enter an order determining whether a defendant is a sexually violent predator. *Id.; People v. Cook,* 197 P.3d 269, 281 (Colo.App.2008). This determination involves a mixed question of law and fact. *Cook,* 197 P.3d at 280. We therefore defer to the trial court's findings of fact and will disturb them only where there is clear error. *People v. Gallegos,* 240 P.3d 882, 885 (Colo. App. No. 07CA2373, Sept. 17, 2009). But we review de novo the meaning of section 18-3-414.5(1)(a) because it presents a question of law, and we also review de novo whether the court's findings of fact are sufficient to support the court's determination that an offender is a sexually violent predator. *Id.; People v. Tixier,* 207 P.3d 844, 849 (Colo.App.2008).

In interpreting a statute, we must ascertain and effectuate the intent of the legislature. *People v. Weiss,* 133 P.3d 1180, 1184 (Colo.2006). Whenever possible, we must determine the General Assembly's intent from the plain and ordinary meaning of the statutory language. *Woellhaf v. People,* 105 P.3d 209, 215 (Colo.2005). We discern the clarity or ambiguity of the statutory language by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole. *Tixier,* 207 P.3d at 847. We must read and consider the statute as a whole "to give consistent, harmonious, and sensible effect to all of its parts." *People v. Hernandez,* 160 P.3d 263, 264 (Colo.App. 2007) (quoting *Farmers Reservoir & Irrigation Co. v. City of Golden,* 113 P.3d 119, 130 (Colo.2005)), *aff'd,* 176 P.3d 746 (Colo.2008). We presume that the legislature intended the entire statute to be effective. *Tixier,* 207 P.3d at 847. We will not follow a statutory interpretation that leads to an illogical or absurd result. *Frazier v. People,* 90 P.3d 807, 811 (Colo.2004).

### B. Application

Defendant's argument focuses upon the third prong of the SVP statute, which requires that a "victim" be "a stranger to the offender." § 18-3-414.5(1)(a)(III), C.R.S. 2009. He argues that the statute's use of the term "victim" and the definition of "victim" in section 18-3-401(7), C.R.S.2009, require the existence of "a person alleging to have been subjected to a criminal sexual assault," and here, there is no such person because the victim is a fictional character. We reject this argument.

Section 18-3-401, C.R.S.2009, which defines "victim," establishes the definition of words used in article 3 of title 18, part 4, "unless the context otherwise requires." The first question, then, is what the context requires.

By its plain terms, the statutory definition of "victim" applies when a completed assault has occurred because it identifies someone who has actually been subjected to an assault. § 18-3-401(7). But the definition does not fit here because defendant pleaded guilty to an attempt crime. In attempt crimes, there may be no victim because the perpetrator has only taken a substantial step toward, but has not completed, the crime:

> To commit an actual crime, there must be a victim of that crime. However, a person can have the mental state of intent to

commit a crime without having an identified specific victim. For instance, a defendant may break into a home with the intent to commit sexual assault, but not have an identified victim in mind; may have a particular victim in mind and yet complete the intended crime against a different victim; or may intend to commit the crime, but never actually complete the crime.

*People v. Palmer*, 87 P.3d 137, 140 (Colo.App. 2003) (discussing burglary).

■ Because the General Assembly included attempt crimes in the SVP statute, it must have intended the statute to apply to perpetrators convicted of such crimes. To conclude that an offender convicted of an attempted sexual assault on a child cannot be determined to be a sexually violent predator because circumstances beyond the offender's control prevented the completion of the crime, and no child was actually victimized, would lead to an illogical and absurd result. *See Frazier*, 90 P.3d at 811. Similarly, such a conclusion would not give consistent, harmonious, and sensible effect to all of the statute's parts, *see Hernandez*, 160 P.3d at 264, because it would allow offenders convicted of attempted sexual crimes to avoid designation as sexually violent predators based on the mere fortuity of not having completed the crime with a resulting actual victim.

In addition, a division of this court has held that a defendant who believed the nonexistent person with whom he arranged a meeting was under fifteen, in a similar sting operation, was guilty of criminal attempt. *See People v. Grizzle*, 140 P.3d 224, 226 (Colo. App.2006). Allowing a conviction for attempted sexual assault when the victim is fictional but holding that the same status precludes a finding that the convicted offender is a sexually violent predator is, again, inconsistent and leads to an absurd result.

■ We therefore conclude that, when the perpetrator has been convicted of an attempted sexual assault, the definition of "victim" in section 18–3–401(7), does not preclude a finding that defendant is a sexually violent predator.

■ What, then, does "victim" mean in the context of the SVP statute, when the perpetrator has been convicted of an attempt crime? We first look to the elements of criminal attempt. A person commits an attempt when,

acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense. Factual or legal impossibility of committing the offense is not a defense if the offense could have been committed had the attendant circumstances been as the actor believed them to be. . . .

§ 18–2–101(1), C.R.S.2009.

■ Thus, a defendant may be convicted of an attempt even when it is factually or legally impossible to commit the offense, as long as the actor could have done so if the circumstances were as he or she believed them to be. *See Grizzle*, 140 P.3d at 226 (if defendant believed that the person with whom he had arranged a sexual liaison was under the age of fifteen, then he could be guilty of criminal attempt even where the victim was nonexistent).

■ Intent to commit certain acts that, if completed, would constitute the underlying offense, is an essential element of criminal attempt. *People v. Frysig*, 628 P.2d 1004, 1007 (Colo.1981); *see also People v. O'Connell*, 134 P.3d 460, 464 (Colo.App.2005) (attempted sexual assault on a child encompasses the same mens rea as sexual assault on a child). The commission of criminal attempt is complete upon engaging, with the requisite degree of culpability, in conduct strongly corroborative of the actor's criminal objective. *People v. Lehnert*, 163 P.3d 1111, 1113 (Colo.2007).

■ Accordingly, when the defendant stands convicted of perpetrating an attempted sexual assault, we read the phrase "whose victim was a stranger to the offender" to mean "whose intended victim would have

been a stranger to the offender." It also follows that, if a defendant intended, with the requisite culpability, to sexually assault a person, it does not matter that the intended victim was fictional or did not actually exist. *See Grizzle,* 140 P.3d at 226.

Here, defendant pleaded guilty to attempted sexual assault on a child under the age of fifteen, and it is undisputed that he had an intended victim, that is, a fourteen-year-old girl. It is also undisputed that the intended victim would have been a stranger. Accordingly, the circumstances meet the requirement in the SVP statute that there be an intended victim who was a stranger. It does not matter that there was no actual person victimized in this attempt crime, nor does it matter that the intended victim of the attempt was fictional.

Defendant cites to *Grizzle* in support of his contention that there was no actual victim in this case, pointing to the division's language that "Internet sting operations of the type conducted here do not involve a victim, child or adult." *Grizzle,* 140 P.3d at 226. However, our interpretation is consistent with *Grizzle.* Here, as in *Grizzle,* there is no actual victim, but that fact is irrelevant. Just as a defendant can be convicted of attempted sexual assault even when there is no actual victim, because the offense could have been committed had the attendant circumstances been as the defendant believed them to be, so, too, a defendant can be determined to be a sexually violent predator because there would have been a victim (an intended victim) had the attendant circumstances been as the defendant believed them to be.

## III. Specific Findings of Fact

Defendant also contends that the SVP statute requires the court to make specific findings of fact, and that the trial court failed to do so here. We reject this contention.

### A. Standard of Review

 We review a trial court's findings of fact for clear error, but we review de novo the question of whether the court's findings are sufficient to support a legal conclusion that the defendant is a sexually violent predator. *People v. Tuffo,* 209 P.3d 1226, 1230

(Colo.App.2009); *Gallegos,* 240 P.3d at 885. However, when, as here, a party has failed to object and preserve the issue in the trial court, we review for plain error. *Herr v. People,* 198 P.3d 108, 111 (Colo.2008); *People v. Miller,* 113 P.3d 743, 749–50 (Colo.2005); *People v. Jimenez,* 217 P.3d 841 (Colo.App. 2008) (reviewing for plain error where defendant contended trial court did not make sufficient findings to admit expert testimony on appeal but did not raise that contention in the trial court); *People v. Linares–Guzman,* 195 P.3d 1130, 1135 (Colo.App.2008) (plain error review applicable to unpreserved sentencing issues). Plain error is error that so undermines the fundamental fairness of the proceeding that it casts serious doubt on the reliability of the verdict. *Harris v. People,* 888 P.2d 259, 267 (Colo.1995). It is error that is so clear-cut and obvious that a competent district court judge should be able to avoid it without the benefit of objection. *O'Connell,* 134 P.3d at 464.

### B. Findings of Fact

The sexually violent predator statute requires the trial court to "make specific findings of fact," based on the results of the sexually violent predator risk assessment, and determine whether the defendant is a sexually violent predator. § 18–3–414.5(2), C.R.S.2009; *People v. Rowland,* 207 P.3d 890, 895 (Colo.App.2009). The statute does not provide any specific procedures for the court to follow in making the requisite findings of fact. *Tuffo,* 209 P.3d at 1231.

Defendant points out that the trial court stated, "I will find, based on the [risk assessment screening instrument] that was provided to the court as part of the PSI [presentence investigation report] and the sex evaluation, that [defendant] does, in fact, meet the criteria and, therefore, will be designated ... as a sexually violent predator." Defendant asserts the trial court erred in failing to make more findings. We conclude that, under the circumstances here, it did not.

 Defendant quotes only a part of the trial court's findings. Essentially, the court adopted the findings and conclusions in the

risk assessment, which indicated that defendant met the criteria for classification as a sexually violent predator because (1) he was over eighteen at the time of the offense; (2) he was convicted of attempting to commit one of the enumerated offenses; (3) the victim was a stranger to defendant, and (4) he met five out of ten criteria on the Sex Offender Management Board (SOMB) "Sex Offender Risk Scale" (when only four are required), and he met Part 3B of the risk assessment, where he scored more than thirty on the Psychopathy Check List.

■ At the hearing, defendant's argument focused on the fourth criterion in the SVP statute, that is, whether he was likely to subsequently commit another sexual offense, based on the results of a risk assessment screening instrument. He argued that the scoring of the risk assessment was subjective, and that one question out of eight in the SOMB Motivational Scale, which is part of the Sex Offender Risk Scale, had been left blank. But the trial court determined that even if that entire category were excluded from the Sex Offender Risk Scale, defendant still met the criteria for scoring four or more. Further, the court found that even without including the Sex Offender Risk Scale, defendant still met the sexually violent predator criteria because of his score on the Psychopathy Check List. Thus, the court resolved, by making findings of fact, the issues defendant raised concerning the validity of the risk assessment. The court considered the fact that defendant may have had a score on the assessment that was very close to a score suggesting that he did not meet the fourth criterion of the SVP statute, but resolved the issue against him.

We conclude that the trial court's findings here were more than sufficient to meet the statutory requirement that it "make specific findings of fact" to support its determination. *See Cook,* 197 P.3d at 281 (screening instrument can support a finding that the defendant meets the SVP statutory criteria); *Tixier,* 207 P.3d at 849 (trial court properly relied on screening instrument as evidence that supported court's findings). Accordingly, we discern no error, let alone plain error.

Defendant also asserts, again for the first time on appeal, that the evaluator failed to note the data sources used to complete the risk assessment. He contends that this omission invalidates the risk assessment. We perceive no plain error.

The risk assessment form states that data sources used to complete it must be identified, and lists eighteen choices. Further, the instructions for completing the risk assessment state "it is important that the data source be clearly identified and documented when requested on the instrument." SOMB *Handbook: Sexually Violent Predator Assessment Screening Instrument for Felons: Background and Instruction* 18 (June 2003), *available at* http://dcj.state.co.us/ors/pdf/docs/Final%20SVP.pdf (last visited Oct. 6, 2009).

The SOMB risk assessment and handbook state that data sources should be clearly identified in Parts 2 and 3 of the instrument. The SOMB evaluator is directed to identify the appropriate data sources in making the determination of the stranger relationship in Part 2. The probation officer is directed to identify the appropriate data sources in the Sex Offender Risk Scale, Part 3A.

■ Here, the evaluator and the probation officer did not identify the data sources for Parts 2 and 3. However, the court can still determine that a defendant satisfies the criteria of a sexually violent predator based upon the risk assessment and the record, which is what the court did here. The details of the relationship of the intended victim and defendant were discussed on the record when defendant pleaded guilty to the offenses and in sentencing. Therefore, the court could still determine that the stranger criterion had been satisfied, as addressed in Part 2 of the risk assessment. Additionally, the evaluator found in Part 3B that defendant met the criteria necessary for a sexually violent predator on the Psychopathy Check List, and the results on Part 3A need not even be considered in reaching the conclusion that defendant was a sexually violent predator. Thus, we reject defendant's contention.

## IV. Evidentiary Hearing

 Defendant next contends that the trial court erred by refusing to hold an evidentiary hearing. We reject this assertion for several reasons. First, a trial court is not required to hold an evidentiary hearing before making a determination whether an offender is a sexually violent predator, although a court may do so in its discretion. *Rowland*, 207 P.3d at 895. Second, the trial court granted defendant a hearing. Third, defendant admitted that he was unable to present evidence that the evaluator would change the result of the assessment if she were questioned.

The order is affirmed.

Judge CARPARELLI and Judge RICHMAN concur.